# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| INFOW, LLC | ) | Case No. 22 - 60020 |
| | ) | |
| Debtor. | ) | Chapter 11 (Subchapter V) |
| In re: | ) | |
| | ) | |
| IWHEALTH, LLC | ) | Case No. 22 - 60021 |
| | ) | |
| Debtor. | ) | Chapter 11 (Subchapter V) |
| In re: | ) | |
| | ) | |
| PRISON PLANET TV, LLC | ) | Case No. 22 - 60022 |
| | ) | |
| Debtor. | ) | Chapter 11 (Subchapter V) |

**DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING APPOINTMENT OF RUSSELL F. NELMS AND RICHARD S. SCHMIDT AS TRUSTEES OF THE 2022 LITIGATION SETTLEMENT TRUST AND GRANTING RELATED RELIEF**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED AND IF THE COURT CONSIDERS THIS MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN TWENTY-ONE (21) DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF, OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

RELIEF IS REQUESTED ON OR BEFORE **APRIL 22, 2022**.

InfoW, LLC ("InfoW"), IWHealth, LLC ("IW Health"), and Prison Planet TV, LLC ("Prison Planet TV", and together with InfoW and IW Health, the "Debtors"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases, hereby move for entry of an order substantially in the form attached hereto (the "Proposed Order") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the appointment of Russell F. Nelms and Richard S. Schmidt as the trustees (the "Litigation Settlement Trustees") of the 2022 FSS Litigation Settlement Trust (the "Litigation Settlement Trust") (the "Motion"), which trust holds all of the of the equity in the Debtors. In support of the Motion, the Debtors respectfully represent as follows:

## REQUEST FOR EMERGENCY HEARING

1.  The Debtors seek emergency consideration of this Motion on or before **April 22, 2022**, or as soon after as the Court's schedule will allow. Appointment of the Litigation Settlement Trustees is necessary so that the Debtors' corporate governance is in the hands of two individuals well-versed in fiduciary law and with years of experience supervising debtors to maximize recoveries for creditors. Former judges Russell F. Nelms and Richard S. Schmidt have both agreed to serve as Litigation Settlement Trustees, but only on the condition that their appointment is approved by the Court.

## JURISDICTION

2.  The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

3. The basis for the relief requested herein is Bankruptcy Code § 105(a).

## BACKGROUND

A. **Case Background**

4. On April 18, 2022 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

6. As of the filing of this Motion, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for Region 7 (the "U.S. Trustee").

B. **The Debtors**

7. The Debtors are holdings companies for certain intellectual property assets. Debtor InfoW owns copyrights and domain names related to "Infowars.com." Debtor IWHealth owns cash flow from royalties and/or an agreement with Youngevity. Debtor Prison Planet TV owns copyrights and domain names related to prisonplanet.tv.

8. "Infowars"—a conspiracy-oriented website and media company—is operated by Free Speech Systems, LLC ("FSS"), which does business under a registered trademark for that name. InfoW and Prison Planet TV license their intellectual property and domain names to FSS for use in its business but the Debtors do not produce or have any control over the content of Infowars. FSS maintains and operates the website https://www.infowars.com/.[1]

9. Alex E. Jones ("Jones") owns one hundred percent (100%) of the equity in FSS. Prior to the Petition Date, Jones also owned one hundred percent (100%) of the equity of InfoW,

---

[1] The Debtors have been advised that all the assets of FSS serve as collateral to repay obligations to PQPR Holdings.

3

IWHealth and Prison Planet TV. He assigned these equity interests to the 2022 Litigation Settlement Trust before the Petition Date.

### C. Pending Litigation Against the Debtors

10. The Debtors' financial distress stems primarily from statements of Jones and other employees of FSS in the wake of the December 14, 2012, mass shooting at Sandy Hook Elementary School in which 20 children and 6 educators were killed by Adam Lanza. Various parents of the deceased victims of the Sandy Hook shooting assert, among other things, that these statements were defamatory and inflicted emotional distress.

11. The relatives of the Sandy Hook victims and certain other parties (the "<u>Sandy Hook Plaintiffs</u>") assert, among other things, that Jones and other employees of FSS made defamatory statements and inflicted emotional distress. In 2018, the Sandy Hook Plaintiffs brought actions in Texas and Connecticut (collectively, the "<u>Sandy Hook Lawsuits</u>") against Jones, FSS, and certain of the Debtors. The crux of the allegations in the Sandy Hook Lawsuits is that Jones and FSS employees damaged the Sandy Hook Plaintiffs by saying or implying that the Sandy Hook shooting did not occur, and that the entire incident was a "false flag" hoax.

12. The Debtors are also defendants in other pending litigation unrelated to the events at Sandy Hook elementary school:[2]

- *Marcel Fontaine v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, and Kit Daniels*, Cause No. D-1-GN-18-001605, pending before the 459th District Court for Travis County, Texas—This case involves an article authored by an FSS employee about the shooter at Marjory Stoneman Douglas High School in Parkland, Florida. Iterations of the article included a photograph of the plaintiff, even though the plaintiff was not involved with the shooting or even in Florida at the time.

- *Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, Marcel Fontaine v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, PQPR Holdings Limited LC,*

---

[2] On April 11, 2022, the U.S. District Court for the Western District of Virginia entered a Stipulation and Order [Dkt. No. 504], resolving the defamation action in Brennan M. Gilmore v Alexander E. Jones, et. al., Case No. 3:18-cv-00017-NKM-JCH, resolving that litigation in exchange for a $50,000 settlement to the plaintiff.

4

*JLJR Holdings, LLC, PLJR Holdings, LLC, Carol Jones, David Jones, PQPR Holdings, LLC, JLJR Holdings Limited, LLC, AEJ Holdings, LLC, AEJ Trust 2018*, Cause No. D-1-GN-22-001610, pending before the 200th District Court for Travis County, Texas—This lawsuit was brought by the plaintiffs in the other Texas lawsuits under the Texas Uniform Fraudulent Transfer Act ("TUFTA"). The allegations are that Jones diverted his assets to companies owned by insiders like his parents, his children, and himself. The Plaintiffs seek judgment allowing them to take possession and execute on the assets.

- *Larry Klayman v Infowars, LLC, et al.*, Case No. 20-61912, before the U.S. District Court for the Southern District of Florida, Fort Lauderdale Division—The plaintiff in this case brought claims against InfoWars, LLC, Free Speech Systems, LLC, Alex Jones, David Jones, and Owen Shroyer for defamation, Florida Deceptive and Unfair Trade Practices Act, tortious interference, and violation of the Lanham Act for publishing disparaging statements about the plaintiff. On April 14, 2022, the District Court entered a take-nothing judgment in favor of the InfoW and the other defendants. The plaintiff has appealed to the Eleventh Circuit Court of Appeals.

13. Jones, FSS, and the Debtors have spent more than $10.0 million in legal fees and expenses since commencement of the Sandy Hook Lawsuits. Despite the substantial amount spent, both the Texas and Connecticut courts have imposed multiple sanctions and ruled that Jones, FSS, and the Debtors failed to comply with discovery requirements such that judgment on *liability* has been entered against them by default.[3] No court has yet to quantify the amount of the damages.

14. The pending litigation presents a classic "race to the courthouse." The Texas court is scheduled to be the first damages case to go to trial and is set to commence with jury selection on April 25, 2022. The damages trial in the Texas actions is scheduled for months before the damages will be determined in the actions pending in Connecticut.

15. Given the limited cash on hand available to the Debtors, Jones, and FSS, there is a substantial likelihood that efforts to collect on a judgment of the Texas actions would result in leaving nothing left for the Connecticut Sandy Hook Plaintiffs or other creditors. Indeed, prior to

---

[3] The applicable Debtors do not intend to challenge any determination of liability entered by the respective state courts unless the claimant elects to liquidate their claims through continuation of the litigation.

even liquidating their claims, the Texas plaintiffs sought execution by initiating the TUFTA litigation.

### D. 2022 Litigation Settlement Trust

16.  To address the Sandy Hook Lawsuits and other litigation, and preserve assets for equal distribution to all creditors, the Debtors, Jones, and FSS have created the 2022 Litigation Settlement Trust to provide a mechanism for the payment in full of the litigation claims. A copy of the of trust is attached as <u>Exhibit A</u> hereto (the "<u>Declaration of Trust</u>").[4]

17.  The Litigation Settlement Trust removes control of the Debtors and settlement funds from FSS and Jones and ensures that settlement of or judgment in the Sandy Hook Lawsuits and other litigation will be paid according to the terms of the Declaration of Trust and any plan of reorganization confirmed in these Chapter 11 Cases. The Litigation Settlement Trust has been initially funded pursuant to the funding agreement attached to the Declaration of Trust and the Plan Support Agreement, attached hereto as <u>Exhibit B</u> hereto, as may be amended (the "<u>PSA</u>").[5] The "Initial Trust Funding" of $725,000 for administration of these Chapter 11 Cases has been paid to the interim trustee or the Debtors' professionals from exempt personal assets of Jones. Upon confirmation of a plan, the Litigation Settlement Trust is expected to be funded with additional funds, including $2,000,000 in cash on the effective date.

### E. Proposed Litigation Settlement Trustees

18.  The Declaration of Trust contemplates that the Litigation Settlement Trustees will be "two individuals approved by the Bankruptcy Court to serve as Trustees of the Litigation Settlement Trust who will replace the interim trustee serving in that capacity prior to the filing of

---

[4] The proposed Litigation Settlement Trustees have indicated that they intend to seek modifications to the Declaration of Trust.
[5] The proposed Litigation Settlement Trustees have indicated that they intend to seek certain modifications to the PSA.

the Bankruptcy Cases." This provides a clean break between the Debtors' former management and allows the funding of a proposed plan to be negotiated at arm's length between the Debtors, FSS, and Jones. At the same time, the Litigation Settlement Trustees will be given access to the current financial information of FSS and Jones to effectuate a confirmable plan that provides payment in full of allowed claims.

19. Former bankruptcy judges Russell F. Nelms and Richard S. Schmidt have agreed to serve as the Litigation Settlement Trustees. Russell F. Nelms was appointed as a judge for the U.S. Bankruptcy Court for the Northern District of Texas on November 22, 2004, and served through the end of his term on November 21, 2018. Richard S. Schmidt was appointed as a judge for the U.S. Bankruptcy Court for the Southern District of Texas on July 31, 1987, was reappointed in 2001, and served through the end of his term on July 30, 2015. Both Russel F. Nelms and Richard S. Schmidt have the experience, knowledge, and ability to oversee the Debtors, understand their duties to creditors and to facilitate the allowance of Litigation Claims for payment. They each have years of experience on and off the bench doing exactly this job.

## RELIEF REQUESTED

20. The Debtors request entry of an order, substantially in the form of the Proposed Order attached hereto, authorizing the appointment of Russell F. Nelms and Richard S. Schmidt as the Litigation Settlement Trustees and granting related relief.

21. The related relief incorporates certain terms of the Declaration of Trust with respect to the Litigation Settlement Trustees. In particular, the Debtors seek an order providing that the Litigation Settlement Trustees: (a) have all powers and duties of managers of the Debtors; (b) are exculpated for actions relating to or arising out of the Chapter 11 Cases except with respect to acts or omissions constituting willful misconduct or gross negligence as determined by a final order by

a court of competent jurisdiction, (c) may be compensated from assets of the Litigation Settlement Trust that do not comprise assets of the Debtors' estates without further order of the Court, (d) may resign upon sixty (60) days' notice without further order of the Court; and (e) may be removed only by order of the Court for cause shown by clear and convincing evidence upon the motion of a majority of the members of the Litigation Settlement Trust Board (as defined in the Declaration of Trust).

## BASIS FOR RELIEF

22. Section 105(a) of the Bankruptcy Code provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." The provisions of chapter 11 of the Bankruptcy Code, and particularly subchapter v, aim ultimately to facilitate the confirmation of a consensual plan of reorganization. *See In re MPM Silicones*, LLC, No. 14-22503-RDD, 2014 WL 4637175, at *3 (Bankr. S.D.N.Y. Sept. 17, 2014) (discussing "the Bankruptcy Code's overall policy of fostering consensual plans of reorganization"); *cf.* 11 U.S.C. § 1183(b)(7) (requiring subchapter v trustees to "facilitat[e] the development of a consensual plan of reorganization."). Preservation of the bankruptcy estate is also a key feature of the Bankruptcy Code. *See In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) ("Implicit in the duties of a Chapter 11 trustee or a debtor in possession as set out in Sections 1106 and 704 of the Bankruptcy Code is the duty of such a fiduciary to protect and preserve the estate, including an operating business's going-concern value"); *cf.* 11 U.S.C. § 503(b)(1)(A) (providing that "the actional, necessary costs and expenses of preserving the estate" are administrative expenses of the estate).

23. The appointment of former judges Russell F. Nelms and Richard S. Schmidt as the Litigation Settlement Trustees will advance the goals of a consensual plan in these Chapter 11

8

Cases. The likelihood of a consensual plan negotiated by the Debtors' pre-Litigation Settlement Trust management is vanishingly small. The Sandy Hook Plaintiffs claim that Jones defamed and intentionally or negligently inflicted on them emotional distress. When Jones filed an offer of compromise pursuant to Connecticut procedure, the Connecticut plaintiffs responded that the "so-called offer is a transparent and desperate attempt by Alex Jones to escape a public reckoning under oath with his deceitful, profit-driven campaign against the plaintiffs and the memory of their loved ones lost at Sandy Hook." Neutral management for the Debtors that can engage in arm's-length negotiations is necessary for a consensual plan.

24. While the subchapter v trustee that will be appointed in this case would undoubtedly endeavor towards a consensual plan and could take over the operations of the Debtors under Bankruptcy Code § 1185, only the Debtor can propose a plan under Bankruptcy Code § 1189. The Litigation Settlement Trust goes further, empowering the Litigation Settlement Trustees to propose and implement a plan. Placing the subchapter v trustee in the Twilight Zone of being in control of the Debtors but not able to propose a plan is neither necessary nor beneficial here.

25. Appointment of Russell F. Nelms and Richard S. Schmidt as the Litigation Settlement Trustees will also prevent unnecessary diminution of the Debtors' estates. The subchapter v trustee's compensation for the expanded role would derive from the Debtors' bankruptcy estates, rather than the Litigation Settlement Trust. Nelms and Schmidt, on the other hand, will be paid from assets of the Litigation Settlement Trust that are not assets of the Debtors' bankruptcy estates.

26. Based on the foregoing, the Court is empowered by Bankruptcy Code § 105(a) to enter the Proposed Order and such other relief that is in the best interests of the Debtors, their estates, and their creditors.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form of the Proposed Order, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: April 18, 2022

**PARKINS LEE & RUBIO LLP**

*/s/R.J. Shannon*
Kyung S. Lee
TX Bar No. 12128400
R.J. Shannon
TX Bar No. 24108062
Pennzoil Place
700 Milam Street, Suite 1300
Houston, TX 77002
Email: klee@parkinslee.com
　　　　rshannon@parkinslee.com
Phone: 713-715-1660
Fax:　 713-715-1699

*Proposed Counsel to the Debtors and Debtors-in-Possession*

## CERTIFICATE OF ACCURACY

I hereby certify that the foregoing statements are true and accurate to the best of my knowledge and belief. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ R.J. Shannon* .
R.J. Shannon

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2022, a true and correct copy of the foregoing document was served by (a) the Court's CM/ECF system on all parties registered to receive such service, (b) by U.S.P.S. first class mail on the parties indicated in the attached service list, and (c) the following parties by email:

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008
mark@fbtrial.com
bill@fbtrial.com

Attn: Alinor C. Sterlin, Christopher Mattei, Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
asterling@koskoff.com
cmattei@koskoff.com
mblumenthal@koskoff.com

Attn: F. Andino Reynal
Fertitta & Reynal LLP
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Attn: Norman A Pattis, Cameron L. Atkinson
Pattis & Smith, LLC
383 Orange Street
New Haven, CT 06511
npattis@pattisandsmith.com
catkinson@pattisandsmith.com

Attn: Eric Henzy
Zeisler & Zeisler P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
ehenzy@zeislaw.com

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Attn: Ray Battaglia
Law Office of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX
rbattaglialaw@outlook.com

Attn: Avi Moshenberg, Nick Lawson, Matthew Caldwell
McDowell Heterhington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
avi.moshenberg@mhllp.com
nick.lawson@mhllp.com
matthew.caldwell@mhllp.com

Attn: Cordt Akers
The Akers Law Firm PLLC
Cordt Akers
3401 Allen Parkway, Suite 101
Houston, TX 77019
cca@akersfirm.com

Attn: Daniel DeSouza
Copycat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
dan@copycatlegal.com

Richard S. Schmidt
615 Leopard, #635
Corpus Christi, TX 78401
rss@judgerss.com

Russell F. Nelms
115 Kay Lane
Westworth Village, TX 76114
rfargar@yahoo.com

Attn: W. Marc Schwartz
Schwartz Associates
712 Main Street, Ste. 1830
Houston, TX 77002
mschwartz@schwartzassociates.us

Attn: Matthew Okin
Okin Adams LLP
1113 Vine St., Ste. 240
Houston, TX 77002
mokin@okinadams.com

                                              */s/ R. J. Shannon*
                                              R. J. Shannon